IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THEODORE PARKER, JR. <br>     Petitioner, <br> v. <br><br> UNITED STATES OF AMERICA <br>     Respondent. | * <br><br> *  Civil Action No. WDQ-09-3360 <br>    Criminal No. WDQ-07-0447 <br> * <br><br> *** |

MEMORANDUM

Pending is Theodore Parker's "Motion to Vacate and Set Aside Judgment and to Expunge the Record in Nature of Coram Nobis." The document, which included the above criminal case number, was construed as a petition under the "All Writs Act" or 28 U.S.C. § 1651 and instituted as this civil action. Parker, alleges that the Court was without jurisdiction to impose the sentence and raises generalized Fifth Amendment due process claims.

On June 9, 2008, Parker pled guilty to being a felon in possession of a firearm. On August 29, 2008, Parker was sentenced to 180 months in the U.S. Bureau of Prisons ("BOP") and three years of supervised release. A $100.00 special assessment was also imposed. Neither an appeal nor prior post-conviction petition was filed.

"*Coram nobis* is an extraordinary remedy to be granted only under compelling circumstances to correct errors of the most fundamental nature." *Kramer v. United States*, 579 F. Supp. 314, 315 (D. Md. 1984) (citations omitted). Although abolished in most civil actions, *see* Fed. R. Civ. P. 60(b), *coram nobis* is available to challenge a criminal conviction when "circumstances compel such an action to achieve justice."[1] *United States v. Morgan*, 346 U. S. 502, 511 (1954). Coram nobis is

---

[1] To obtain *coram nobis* relief, a petitioner must demonstrate that (1) there are circumstances compelling such action to achieve justice, (2) sound reasons exist for [the] failure to seek appropriate earlier relief, and (3) the petitioner continues to suffer legal consequences from his conviction that may be remedied by the granting of the writ." *See United States v. Mandanici*, 205 F.3d 519, 524 (2$^d$ Cir. 2001) (citations omitted).

an extraordinary remedy that should be granted only "to correct errors of the most fundamental character where the circumstances are compelling to achieve justice." *Id*. Collateral attacks are disfavored because they significantly, and detrimentally, affect society's interest in the finality of criminal convictions. *See United States v. Mandel*, 862 F.2d 1067, 1076 (4th Cir. 1988). Additionally, a writ of error *coram nobis* will be granted to vacate a conviction only after a sentence has been served. It is not available to a petitioner in federal custody on the sentence under attack *See Morgan*, 346 U.S. at 502; *Mandel*, 862 F.2d at 1075. If Parker is "in custody," he is procedurally barred from seeking *coram nobis* relief.

According to the BOP prison locator, as of the filing of this action, Theodore Earnell Parker, Jr. has not been released from its custody, but is housed "in transit." Therefore, while he is confined at the Maryland Correctional Adjustment Center in Baltimore as a federal detainee, he remains in BOP custody on his 180-month sentence and three-year supervised release term imposed in 2008. Parker may not use the extraordinary remedy of *coram nobis* to attack the sentence he is now serving. When a petitioner is in federal custody, his challenge to his convictions and sentence must be by a motion under 28 U.S.C. § 2255. Parker may not use the extraordinary remedy of *coram nobis* to circumvent the statute of limitations of 28 U.S.C. § 2255. Alternatively, the grounds asserted here do not involve fundamental errors that compel the issuance of a writ of *coram nobis*. Accordingly, the Petition will be dismissed without requiring a response from Respondent.

Date: <u>January 7, 2010</u>           _____/s/_____
William D. Quarles, Jr.
United States District Judge